IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 18-cv-2224-WJM-KLM

LARRY ALFONZO ROBERTS,

    Plaintiff,

v.

RICK RAEMISCH, Exec. Dir. of CDOC,
JOHN DOE, Chief Medical Officer of CDOC,
HELENE CHRISTNER, Nurse Practitioner,
DIRECTOR OF CHP/PHP, INC.,
GARY WARD, Sterling Health Services Administrator, and
RENAE JORDAN, Director of Clinical & Correctional Services,

    Defendants.

---

## ORDER DENYING MOTION FOR TRO & PRELIMINARY INJUNCTION

---

Plaintiff Larry Roberts ("Plaintiff"), a prisoner in the Colorado state prison system, brings this action *pro se* against Defendant Rick Raemisch, the Executive Director of the Colorado Department of Corrections ("CDOC"), other current and former employees of CDOC, and the Director of Correctional Health Partners ("CHP") for allegedly inadequate treatment of Plaintiff's Hepatitis C.  (ECF No. 1.)  Plaintiff sets forth three claims for relief: (1) deliberate indifference to a serious medical condition in violation of the Eighth Amendment; (2) deprivation of due process by failing to adhere to a new standard of care for Hepatitis C treatment; and (3) deliberate indifference to a serious medical condition in violation of 28 C.F.R. § 35.131 under the Americans with Disabilities Act.  (*Id.* at 9–10.)

Currently before the Court is Plaintiff's "Motion for a Preliminary

Injunction/T.R.O." ("the Motion"). (ECF No. 5.) As explained below, Plaintiff fails to show irreparable harm absent an injunction, and the Court thus denies the Motion.

## I. BACKGROUND

Plaintiff alleges that CDOC and CHP employees have provided inadequate treatment for his Hepatitis C. Plaintiff alleges that he has Hepatitis C, is in pain, and is deteriorating from the disease. (ECF No. 1 ¶¶ 2, 33.) He also claims that "his ALT [alanine transaminase] & AST [aspartate transaminase] levels are elevated and are scarring his liver."[1] (*Id.*) Plaintiff also states that his AST to Platelet Ratio Index ("APRI") score has varied from 0.30 to greater than 0.70, but as of September 19, 2017, was 0.019.[2] (*Id.* ¶¶ 16, 31.) The attachments to Plaintiff's complaint show that, as of March 5, 2017, Plaintiff's AST was 17 and ALT was 11 (both within normal range) and that, as of March 30, 2017, his APRI score was 0.3. (*See* ECF No. 1-1 at 5, 20.)

Plaintiff claims that he sought treatment for his Hepatitis C but was denied because CDOC protocol requires that he first attend a drug and alcohol treatment program. (ECF No. 1 ¶¶ 3, 21, 26, 28–29, 41.) Plaintiff has refused drug and alcohol treatment, but nonetheless seeks treatment for Hepatitis C. (*Id.* ¶¶ 27, 29.) Plaintiff contends that the new standard of care for Hepatitis C is to treat at any stage of the

---

[1] According to the Mayo Clinic, elevated levels of liver enzymes, such as ALT or AST, may indicate inflammation of or damage to liver cells. Hepatitis C is one common cause of elevated liver enzyme levels. Normal test results indicating typical liver function are 7–55 units/liter for ALT and 8–48 units/liter for AST. *See Liver functions tests*, MAYO CLINIC, https://www.mayoclinic.org/tests-procedures/liver-function-tests/ (last visited Sept. 10, 2018).

[2] According to GIHEP.com, a resource for "clinically relevant calculators for gastroengerology and hepatology," APRI calculations factor in AST levels and platelet count, and can be used to rule out significant fibrosis or cirrhosis in Hepatitis C patients. *See APRI Index*, GIHEP RESOURCES FOR GASTROENTEROLOGY & HEPATOLOGY, http://gihep.com/calculators/hepatology/apri/ (last visted Sept. 10, 2018).

disease regardless of non-medical requirements, such as the CDOC requirement that inmates first attend drug and alcohol classes. (*Id.* ¶ 17.) He also claims that CDOC protocol does permit treatment below an APRI of 0.70 and that he was denied treatment because his APRI score is lower than 0.70. (*Id.* ¶ 41; ECF No. 1-1 at 5.)

In support of the instant Motion, Plaintiff states that "he has been denied care for a serious medical need contrary to a physician's instructions." (ECF No. 5 at 1.) Replying on the court's analysis in support of granting a preliminary injunction to an inmate with Hepatitis C in *Abu Jamal v. Wetzel*, 2017 WL 34700, at *20 (M.D. Pa. Jan. 3, 2017), Plaintiff seemingly claims that absent treatment, Plaintiff will "continue to suffer from chronic hepatitis C[,] . . . [h]is liver will continue to scar[,] and its functioning will continue to deteriorate." (*Id.* at 8.) Plaintiff therefore asks the Court for a temporary restraining order ("TRO") or preliminary injunction to enjoin CDOC from enforcing its Hepatitis C protocol and requiring CDOC to treat Plaintiff's Hepatitis C. (*Id.* at 11.)

## II. LEGAL STANDARD

A preliminary injunction is an extraordinary remedy; accordingly, the right to relief must be clear and unequivocal. *See, e.g.*, *Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003); *First Western Cap. Mgmt. Co. v. Malamed*, 874 F.3d 1136, 1141 (10th Cir. 2017). To meet this burden, a party seeking a preliminary injunction must show: (1) a likelihood of success on the merits, (2) a threat of irreparable harm, which (3) outweighs any harm to the non-moving party, and that (4) the injunction would not adversely affect the public interest. *See, e.g.*, *Awad v. Ziriax*, 670 F.3d 1111, 1125 (10th Cir. 2012).

The movant has a heightened burden on three types of "specifically disfavored" preliminary injunctions: "(1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits." *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004) (*en banc*), *aff'd and remanded sub nom. Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418 (2006). In those circumstances, the movant must make a "strong showing" on both the likelihood of success on the merits and on the balance of harms. *Id.* Here, Plaintiff has a heightened burden because the requested preliminary injunction would "require Defendants to act and/or otherwise alter the status quo in relation to their dealings with Plaintiff." *Rudnick v. Raemisch*, 2017 WL 2333099, at *2 (D. Colo. May 30, 2017); *see Rodriguez v. Wiley*, 2009 WL 6325780, at *3 (D. Colo. Aug. 14, 2009) (concluding that an injunction requiring the defendant to provide Hepatitis C treatment to an inmate would "alter the status quo through the performance of a positive act").

The purpose of a TRO is to "preserv[e] the status quo and prevent[] irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). To obtain a TRO, Plaintiff must satisfy the same elements it would need to satisfy for a preliminary injunction. *See NRC Broad. Inc. v. Cool Radio, LLC*, 2009 WL 2965279, at *1 (D. Colo. Sept. 14, 2009).

## III.  ANALYSIS

The moving party bears the burden of persuasion as to each of the four elements of injunctive relief. *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003); *Kikumura v. Hurley*, 242 F.3d 950, 955 (10th Cir. 2001). "A showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, and therefore the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *N.M. Dep't of Game and Fish v. U.S. Dep't of the Interior*, 854 F.3d 1236, 1249 (10th Cir. 2017) (brackets omitted) (quoting *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004)).

"[T]he party seeking injunctive relief must show that the injury complained of is of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm." *Heideman*, 348 F.3d at 1189 (emphasis in original) (quotations and citations omitted); *see Rudnick*, 2017 WL 2333099, at *3 (denying a preliminary injunction where the plaintiff failed to demonstrate that he would likely experience irreparable harm). "Irreparable harm, as the name suggests, is harm that cannot be undone, such as by an award of compensatory damages or otherwise." *Salt Lake Tribune Publ'g Co. v. AT&T Corp.*, 320 F.3d 1081, 1105 (10th Cir. 2003). "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Scrier v. University of Colorado*, 427 F.3d 1253, 1267 (10th Cir. 2005). Harm that is "merely serious or substantial" is not irreparable. *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001).

In cases concerning Hepatitis C treatment for prisoners, the United States Court of Appeals for the Tenth Circuit has made observations about the nature of the disease. Reviewing a grant of summary judgment where an inmate claimed he was unconstitutionally deprived of Hepatitis C treatment, the Tenth Circuit quoted a report by the Hepatitis C Support Project: "hepatitis C takes a long time to damage the liver[,] . . . many people will never get sick from hepatitis C and not everyone with hepatitis C needs to be treated with HCV medicines." *Troutt v. Correctional Healthcare Mgmt., Inc.*, 248 F. App'x 910, 913 (10th Cir. 2007) (quotations omitted). In a similar case, the Tenth Circuit found that an inmate had not suffered substantial harm because "[t]here is no evidence that [the plaintiff] has end stage liver disease. Hepatitis C progresses slowly, typically over the course of decades." *Whitington v. Moschetti*, 423 F. App'x 767, 774 (10th Cir. 2011).

District courts in the Tenth Circuit have denied preliminary injunctions where a plaintiff prisoner seeks Hepatitis C treatment. For example, in *Rodriguez v. Wiley*, the court found that plaintiff's argument that denial of treatment "place[d] him at risk for developing serious liver damage" was "speculative in nature and contrary to the medical evidence." 2009 WL 6325780, at *3 (D. Colo. Aug. 14, 2009) ("The fact that Plaintiff *can* receive the antiviral treatment does not indicate that he *must*." (emphasis in original)). In that case, the plaintiff's ALT and AST levels were elevated but stable, his platelet count was normal, and there was no indication that plaintiff was "presently at risk for developing liver cirrhosis." *Id.* The court therefore held that the plaintiff failed to demonstrate (rather than merely allege) imminent harm. *Id.* In *Barber v. Sutmiller*, the

court denied the plaintiff's request for an injunction mandating that he receive Hepatitis C treatment because plaintiff's "unadorned assertion that he should be treated 'with the new cure before it [is] too late'" was insufficient to establish irreparable harm absent injunctive relief. 2015 WL 5472508, at *3 (W.D. Okla. July 31, 2015) (citation omitted). The court continued: "Plaintiff's sparse factual allegations do not establish that his current treatment and monitoring are inadequate or that different treatment is necessarily indicated for his disease." *Id.*

Plaintiff has not made the requisite showing of imminent and irreparable harm to justify a preliminary injunction or TRO. At this point, the Court has no evidence to support Plaintiff's contention that he will suffer irreparable harm absent a TRO or preliminary injunction. A diagnosis of Hepatitis C and lack of treatment alone is insufficient to establish irreparable harm. *See Rodriguez*, 2009 WL 6325780, at *3; *Troutt*, 248 F. App'x at 913 (observing that not all patients with Hepatitis C require treatment). Hepatitis C is a slowly progressing disease, and Plaintiff has not established that he has end stage liver disease requiring treatment. *See Whitington*, 423 F. App'x at 774 (no substantial harm because the plaintiff did not have end stage liver disease).

Plaintiff must show (rather than merely allege) that he is actually at risk for developing complications from his Hepatitis C. *See Rodriguez*, 2009 WL 6325780, at *3. Plaintiff presents limited evidence in support of his medical condition, and the evidence submitted is inconsistent with Plaintiff's allegations. The documents attached to the complaint contradict Plaintiff's contention that he needs treatment for his Hepatitis C. According to those documents, as of March 2017, his liver was functioning

normally. (ECF No. 1-1 at 5, 20.) As such, Plaintiff has not establish that he requires immediate treatment for his condition to prevent irreparable harm.

In support of a preliminary injunction, Plaintiff also claims that he has been denied treatment "contrary to a physician's instruction." (ECF No. 5 at 1.) Plaintiff's complaint alleges that nurse practitioner J. Halcott supported Plaintiff's application for Hepatitis C treatment, but presents no evidence of this recommendation or any other doctor-recommended treatment. (ECF No. 1 ¶ 22–25.) To the contrary, Plaintiff's attachments to the complaint indicates that, in response to Plaintiff's request for updated liver enzyme counts, CDOC ran tests and determined that his levels were normal. (ECF No. 1-1 at 20.)

Other than Plaintiff's allegations statements that he is not feeling well, there is no indication that he is experiencing complications from his Hepatitis C or that his liver is not functioning normally. Unadorned assertions that a plaintiff is entitled to a specific treatment are not sufficient to establish irreparable harm, particularly in the face of contrary evidence. *See Barber*, 2015 WL 5472508, at *3. Were evidence before the Court that Plaintiff was in critical need of medical care, the Court would then be more likely to favorably consider whether injunctive relief would be appropriate. However, absent such a showing at present, the Court finds that Plaintiff has not met his burden, particularly the heavy burden imposed when seeking an injunction to alter the status quo, to show irreparable harm that is "certain, great, actual and not theoretical." *See Scrier*, 427 F.3d at 1267. The Court thus denies Plaintiff's Motion without prejudice.

## IV. CONCLUSION

Because Plaintiff has failed to establish that non-treatment of Hepatitis C will result in immediate, irreparable harm, the Court DENIES Plaintiff's Motion. Plaintiff's claims remain pending before this Court for adjudication in the normal course.

Dated this 11th day of September, 2018.

BY THE COURT:

William J. Martinez
United States District Judge